921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eric FREEDLANDER, Plaintiff-Appellant,
and
Freedlander, Incorporated, The Mortgage People, Freedlander,
Incorporated, Freedlander Financial Services of Kentucky,
Freedlander, Incorporated, The Mortgage People of
California, Freedlander, Incorporated, The Mortgage People
of Tennessee, Freedlander Financial Services of New Mexico,
Jamestown Life Insurance Company, Freedlander Racing Team,
Incorporated, Eve Freedlander, Reuben Freedlander, Plaintiffs,
v.
NCNB NATIONAL BANK OF NORTH CAROLINA, Defendant-Appellee.
 No. 88-1783.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Dec. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-88-52-R)
 Lissa Lampkin Broome, Student Counsel, University of North Carolina School of Law, Chapel Hill, N.C., (argued) for appellant; Barry Nakell, University of North Carolina School of Law, Chapel Hill, N.C., on brief.
 Robert Elkin Payne, McGuire, Woods, Battle & Boothe, Richmond, Va., (argued) for appellee; E. Duncan Getchell, Jr., Catherine Currin Hammond, McGuire, Woods, Battle & Boothe, Richmond, Va., on brief.
 Before SPROUSE and WILKINSON, Circuit Judges, and HADEN, Chief United States District Judge for the Southern District of West Virginia, Sitting by Designation.
 E.D.Va., 706 F.Supp. 1211
 AFFIRMED.
 PER CURIAM:
 
 
 1
 Plaintiffs Freedlander, et al., sued NCNB National Bank of North Carolina alleging various forms of misconduct. In response, NCNB asserted that most of Freedlander's claims were barred by the General Release that the parties had executed as part of a Settlement Agreement on October 2, 1987. NCNB denied breach of the Agreement and unjust enrichment as alleged in the remaining counts. Plaintiffs argued that the release was invalid because it was procured by economic duress and because plaintiffs were entitled to rescind the release due to NCNB's material breach of the Settlement Agreement. Finding neither argument persuasive, the district court granted summary judgment in favor of NCNB. Freedlander, Inc. v. NCNB National Bank of N.C., 706 F.Supp. 1211 (E.D.Va.1988). We affirm.
 
 I.
 
 2
 Appellant Freedlander contends that the grant of summary judgment was inappropriate because there existed genuine issues of material fact as to whether plaintiffs signed the release under economic duress. Virginia defines duress as the overbearing of a person's free will by an unlawful or wrongful act or by threat such that the party's consent to a contractual agreement is involuntary. See Bond v. Crawford, 69 S.E.2d 470 (Va.1952); Cary v. Harris, 91 S.E. 166 (Va.1917). See also Norfolk Div. of Social Services v. Unknown Father, 345 S.E.2d 533, 541 (Va.App.1986). Viewing the facts in the light most favorable to the appellant, we find both the release to be lawful and appellant's claims of duress without support in the evidence.
 
 
 3
 The release executed by the parties was the result of five weeks of negotiation during which five drafts of the Settlement Agreement were exchanged and during which Freedlander was represented by able attorneys. The resulting Settlement Agreement and release are detailed documents adequately supported by consideration. At the time of the settlement, Freedlander had alternatives to signing the release including bringing suit against NCNB or filing for bankruptcy. While it is true that Freedlander was in a precarious financial position, "[a] contract reluctantly entered into by one badly in need of money without force or intimidation and with full knowledge of the facts is not a contract executed under duress." Seward v. American Hardware Co., 171 S.E. 650, 662 (Va.1933), citing Cary v. Harris, 91 S.E. 166 (Va.1917). Mere financial hardship cannot constitute duress; if it did, almost all settlements and releases would be called into question. See S.E. Rondon Co. v. Atlantic Richfield Co., 288 F.Supp. 879, 882 (C.D.Cal.1968), citing Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., 185 F.2d 196 (9th Cir.1950). Moreover, appellant readily accepted benefits that inured to him under the Settlement Agreement.
 
 II.
 
 4
 Next, appellant argues that there are genuine issues of material fact as to whether the release was void due to a material and substantial breach of the Settlement Agreement by NCNB which precludes summary judgment. We agree with the district court that no breach occurred, because NCNB conveyed "exactly the loans and property" that it agreed to convey under the Settlement Agreement. Freedlander, Inc., 706 F.Supp. at 1223. Because NCNB did "exactly what it promised to do," id., Freedlander's claim of a material breach of the Agreement must be rejected.
 
 III.
 
 5
 We find no merit in any remaining assignments of error. The grant of summary judgment in favor of NCNB is therefore
 
 
 6
 AFFIRMED.