Frank J. PETTINELLI, et al., Plaintiffs-Appellants,

v.

Edmund R. DANZIG, et al., Defendants-Appellees.

No. 82–3122.

United States Court of Appeals, Eleventh Circuit.

Jan. 12, 1984.

See also, 5 Cir., 644 F.2d 1160.

Anthony N. Del Rosso, P.C., Mineola, N.Y., for plaintiffs-appellants.

Antinori & Thury, P.A., Paul Antinori, Jr., Tampa, Fla., Rives, Strohauer & Teevan, P.A., Ronald P. Teevan, Clearwater, Fla., for defendants-appellees.

Before FAY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

FAY, Circuit Judge:

This stockholder's derivative suit arises out of the formation and capitalization in the early 1970s of Skyway Development Corporation, a Florida land development corporation. The appellants are investors in Skyway who allege that the officers and directors of Skyway violated securities law (15 U.S.C. §§ 77a–77aa), and breached their fiduciary duties as corporate officials causing dilution of appellants' stock. The appellants also allege that the appellees fraudulently induced them to invest in Skyway. The defendants moved for summary judgment which was granted for all actions or inactions occurring before March 20, 1974. This is the date of a written "Agreement and Release" that settled

all claims between these parties prior to that date. The district court denied summary judgment for issues surrounding events after that date because factual issues may still exist for that period of time. We agree with the district court that the 1974 Release conclusively resolves all claims prior to that date and, therefore, affirm.

Appellants raise two issues: (1) whether they were fraudulently induced to execute the 1974 Release under Florida law; and (2) whether the district court properly applied Federal Rule of Civil Procedure 56 in assessing the existence or nonexistence of factual disputes.

▪ Our presentation of the facts is gleaned from appellants' pleadings, affidavits and memorandum in opposition to summary judgment. By drawing our facts from these documents we will be considering the facts in the light most favorable to the opponents of the motion. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The appellees formed Skyway to develop property at Terra Ceia in Manatee County, Florida. Between 1970 and 1972 some of the appellees convinced each appellant to invest money or services in Skyway in exchange for yet to be issued stock shares. To persuade appellants to invest in Skyway, appellees represented that they owned the land which was appraised at twenty-six million dollars and that they had already accumulated substantial revenues from other investors. A development plan, including projections for local government permit approval, was part of the presentation to appellants. The appellees further represented that only five hundred shares of Skyway stock would be issued and that each share would have one vote. Appellees would own 52% of the stock, the appellants 29%, and 19% would be retained as treasury shares.

After appellants invested their money and services no stock issued. As early as 1970, appellants made demand for the stock issuance and in 1972 they also requested to examine the corporate by-laws and books. In May of 1972, unannounced to the appellants, the Skyway board of directors met and decided to offer the appellants a refund of their investment in lieu of stock or to offer them a total of 375 shares. The Board also authorized issuance of one thousand shares of Skyway stock. Appellants thereafter demanded stock issuance, an accounting, and asked the board to institute a derivative action against the appellees.

Since its inception, Skyway has had financial difficulties. In 1974 when appellants were requesting a derivative action be brought, the Board, which is substantially the appellees, indicated that a derivative suit could have an adverse impact upon pending local government permit applications, mortgage applications, and could cause cancellation of existing mortgages. Appellees and appellants therefore negotiated a settlement on March 20, 1974 that was embodied in a written Agreement and Release. The Release provides in part:

That in consideration of the issuance *nunc pro tunc,* as of the respective dates of the aforesaid Purchase Agreements, by Skyway to the Purchasers of the following shares of Skyway common capital stock, the Purchasers individually and collectively for themselves, their heirs, personal representatives, successors and assigns do hereby release, settle, cancel, discharge, remise and acknowledge to be fully satisfied any and all claims, demands, rights, actions and cause of action of every kind, nature and description whatsoever, known or unknown, which the Purchasers, jointly or severally, may now have or hereafter have or assert against Skyway, its present and past officers, directors, stockholders, employees and agents arising out of actions or inactions of Skyway and of said persons *which have occurred to date;* except any claims which they or any one or more of them may have by way of derivative claim against John R. Albershardt, and as to this claim they and each of them agree not to bring or cause to be brought any action thereon without the written agreement of Skyway, and they hereby agree that no action shall be brought on said

claim other than by and on the decision of Skyway:

| Name | Number of Shares |
| --- | --- |
| Harry Skiadas | 25 |
| George Skiadas | 25 |
| Andre B. Buehler | 10 |
| Frank J. Pettinelli | 10 |
| Eugene F. Pettinelli | 50 |
| Anthony N. Del Rosso | 10 |

R. Vol. 2 at 353 (emphasis added). The district court based its partial summary judgment order on this Release.

■ Appellants also complain of misconduct and fraud subsequent to the Release; specifically, failure to promptly allow inspection of the books according to the Release provision. Any issues based on facts after the March 20, 1974 Release are not relevant to our decision. The district court's partial summary judgment order only limited the appellants' suit to events occurring after the Release, therefore, all causes of action arising after the Release date may still be litigated. Because the district court found that no facts were suggested that showed the two corporate appellees were involved in any events after the Release, full summary judgment was granted as to them.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). In this case, the propriety of the summary judgment is determined by the substantive ruling on the effect of the Release under Florida law. If the Release is such that it precludes any inquiry into fraud in the inducement, then there can be no factual dispute. If so, the only issue before the trial court was a legal one, susceptible of summary judgment. Appellants' argument that the trial judge did not consider the existence of questions of material fact in the light most favorable to them would be moot for that rule only applies "when the parties' dispute is factual." *Federal Deposit Ins. Corp. v. Dye*, 642 F.2d 837,

841 (5th Cir.1981) (Unit B). Accordingly, we examine Florida law on fraud to determine if the legal issue of fraud resolves any potential factual questions.

■ The common law remedy for fraud requires that the plaintiff show that the defendant (1) made a false representation of fact, (2) that the defendant knew was false when made, and (3) that the representation was made for the purpose of inducing the plaintiff to act in reliance of it. *Cavic v. Grand Bahama Devel. Co., Ltd.*, 701 F.2d 879 (11th Cir.1983), *citing Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996, 1000 (5th Cir.1974) *quoting Poliakoff v. National Emblem Ins. Co.*, 249 So.2d 477, 478 (Fla. 3d DCA 1971). The misrepresentation must be about a present or past fact rather than a future fact. *Cameron v. Outdoor Resorts of America, Inc.*, 608 F.2d 187, 195 *modified in part on rehearing*, 611 F.2d 105 (5th Cir.1979). Another element of common law fraud was enunciated in *Columbus Hotel Corp. v. Hotel Management Co.*, 116 Fla. 464, 156 So. 893 (1934). In *Columbus Hotel*, the court ruled that plaintiffs were not entitled to relief from a fraudulently procured contract because the plaintiffs had no right to rely on the misrepresentations. Thus, in addition to the enumerated three criteria, fraud requires a showing that the plaintiffs had a right to rely on the representations.

■ In attempting to prove fraud in the inducement in the instant case, the appellants encounter two difficulties: first, showing that a material misrepresentation was made; and second, demonstrating that they were in a position to justifiably rely on any such representation. The Release agreement states that this "Agreement and Release contains the understanding of the parties." R. Vol. 2 at 355. Appellants argued in the district court and argue here that notwithstanding this clause other representations not embodied in the Release were made. Specifically, appellants assert that it was represented that Skyway would pursue legal remedies against John Albershardt to recover stock and would open its books for prompt inspection. Both of these

matters were fully addressed in the written agreement and cannot be altered with parol evidence. No other examples or allegations of misrepresentation are offered by the appellants. For purposes of showing fraud, it is sufficient to note that any alleged representations made prior to the Release merge into the Release clauses that address the same terms or representation.[1] *See, Jacksonville Paper Co. v. Smith & Winchester Mfg. Co.*, 147 Fla. 311, 2 So.2d 890 (1941). If one or both of these terms has not been performed then a breach of contract action may be appropriate. Such an action would survive the partial summary judgment as it would be based on events after the Release date.

Even if representations were made that were false and did induce the appellants to enter into the Release in reliance thereon, such reliance was unjustified. In *Columbus Hotel, supra,* the court prefaced its conclusion that reliance was unjustified with a discussion of the parties involved in the contract. The parties were both represented by counsel and were specifically advised not to rely on any representations. 156 So. at 900. From the beginning of the negotiations it was clear that the parties were in an adversarial relationship. *Id.* at 899.

In the instant case, the appellants include Anthony Del Rosso, a New York attorney. He was involved in the negotiations and presumably had enough legal acumen to understand and protect his own and other appellants' interests. Throughout this negotiation period appellants knew from their own dealings that they should not rely on any representations made by defendants. Appellants also knew that by the Release terms, they would not know the condition of Skyway until they inspected the books. Appellants did not insist upon examining the books prior to the execution of the

Release and did not insist upon the insertion of any specific written representations as to the financial condition of Skyway. As to action against Albershardt, appellants granted all authority to Skyway in its exclusive discretion. When negotiating or attempting to compromise an existing controversy over fraud and dishonesty it is unreasonable to rely on representations made by the allegedly dishonest parties. *See Sutton v. Crane,* 101 So.2d 823 (Fla. 2d DCA 1958). Thus, the appellants have failed to make a prima facie case of fraud because they had no legal right to rely on any representations under these circumstances. Further, because the Release itself contains a merger clause appellants have not raised any misrepresentation not covered by the Release upon which they were fraudulently induced to enter the Release. We agree with the district court that under *Columbus Hotel,* the appellants have not raised a genuine issue as to fraud.

Florida law favors the finality of settlements. *DeWitt v. Miami Transit Co.,* 95 So.2d 898 (Fla.1957); *Lotspeich Co. v. Neogard Corp.,* 416 So.2d 1163 (Fla. 3d DCA 1982). In this case appellants contractually waived any right to complain of events prior to March 20, 1974. Partial summary judgment was correct because as a matter of law the appellants have failed to present any issue which would support a prima facie case of fraud in the inducement. We agree with the district court that no facts were introduced that involve the corporations after the Release date, therefore, full summary judgment as to them was proper. We emphasize that performance under or breach of the terms of the Release, and any fraud after the Release date, may still be litigated.

AFFIRMED.

1. In *Bleemer v. Keenan Motors, Inc.,* 367 So.2d 1036 (Fla. 3d DCA 1979) an exception to the merger rule was made. The court first announced the general rule that "representations and negotiations which precede and accompany the making of contracts are presumed to have merged into the written contract," however, the merger rule "has no application where the legal existence or binding force of the instrument is in question." *Id.* at 1038. In the instant case, appellants have not contested the legal existence of the 1974 Release, therefore, the *Bleemer* exception does not apply.