**R. Joseph MULHERN, Plaintiff,**

v.

**Kenny ROGERS, Defendant.·**

**No. 84–6975 Civ.**

United States District Court,
S.D. Florida,
Miami Division.

May 30, 1986.

**324**

Lee Anton Rebalko, Ft. Lauderdale, Fla., for plaintiff.

Ronald T. Strauss, Highsmith, Strauss & Glatzer, Coconut Grove, Fla., for defendant.

## MEMORANDUM DECISION

SCOTT, District Judge.

## INTRODUCTION

Kenny Rogers, popular singer and well-known motion picture "Gambler", wagers that this Court will summarily end this litigation by Rule 56 motion. While the cards have dealt the litigants many potential legal issues,[1] Defendant Rogers argues that his true "ace in the hole" is a general release executed during earlier litigation. In other words, Rogers asserts that Plaintiff R. Joseph Mulhern has already played his hand and thus may not reshuffle to start anew.

## PROCEDURAL HISTORY

Mulhern filed an original Federal complaint against Defendant Rogers in 1983. That complaint sought damages in excess of twenty-three million dollars from Rogers for alleged slanderous remarks made during the course of negotiations for the purchase of a boat owned by Mulhern. The Court dismissed the complaint because of Mulhern's inability to perfect service. Mulhern subsequently refiled his complaint before this Court in December of 1984.

Prior to the Federal litigation, Rogers had sued Mulhern in Florida state court for his alleged fraudulent dealing in connection with Rogers' purchase of Mulhern's boat. Although the fraud litigation was eventually settled by the parties, Rogers was ultimately compelled to seek judicial enforcement of the settlement agreement. The circuit judge ordered the parties to execute all releases necessary to effectuate the terms of the agreement. Mulhern appealed this order and the final judgment was affirmed by the Fourth District Court of Appeal. Dissatisfied with the appellate court's decision, Mulhern moved for the extraordinary procedure of recalling the mandate. Rogers countered with a request for attorneys' fees arguing that Mulhern's motion was frivolous. The court's response was as expected, it denied Mulhern's motion and granted Rogers' request for fees.

Thereafter, pursuant to the mandate, the circuit judge ordered Mulhern to comply with its previously entered judgment ordering execution of the release. Mulhern again refused. Faced with the recalcitrance of Mulhern and his direct disobedience of a judicial mandate, the court ordered a commissioner to be appointed to execute the release in his behalf. Ultimately, the release was executed by Mulhern's agent. The scope of that release is central to the success or failure of the motion before this Court.

---

1. Defendant makes a persuasive argument that a trilogy of other legal principles—statute of limitation, collateral estoppel and privilege— should ring a final death knell to this case. This Court need not reach these issues in light of the disposition of the release question.

## THE RELEASE

The document in question is a general release between Mulhern and "Kenneth Roy Rogers, and any other agent, representatives employee or entity thereof". The pertinent language provides that Mulhern does "hereby remise, release, acquit, satisfy and forever discharge [Rogers] of and from any and all manner of action or actions, cause and cause of actions, suits ... claims and demands whatsoever in law or in equity which said [Mulhern] ever had, now has, or which ... said [Mulhern] hereafter can, shall or may have against said [Rogers], for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of these presents, and more particularly that certain lawsuit entitled 'Kenny Rogers, Plaintiff, v. R. Joseph Mulhern, individually, and as agent of Bon Voyage II, Inc., and Bon Voyage II, Inc., a Florida corporation, Defendants, Circuit Court, 17th Judicial Circuit, in and for Broward County, Florida; Case No. 81–05415(CV).' "

Plaintiff argues that the general terms of the release are superceded by the more specific typewritten language at the bottom. Therefore, Plaintiff opines that the only claims released were those specifically raised in the lawsuit.

The construction and enforcement of a release are governed by general principles of contract law. *Weingart v. Allen & O'Hara*, 654 F.2d 1096, 1103 (5th Cir.1981). A review of Florida Law [2] reveals that a general release will ordinarily be regarded as embracing all claims which have matured at the time of its execution. *Sottile v. Gaines Construction Co.*, 281 So.2d 558 (Fla. 3rd DCA 1973); *see also, Pettinelli v. Danzig*, 722 F.2d 706 (11th Cir.1984); and, *Klein v. John Hancock Mut. Life Ins. Co.*, 683 F.2d 358 (11th Cir.1982).

In construing a release agreement, the Court must look to the intent of the parties as expressed in the document itself. *Weingart v. Allen & O'Hara, supra*, at 1103. Where the intent can be ascertained from the unambiguous language of the instrument, construction of the document is a question of law for the Court. *Id.* (citing *Atlantic Coast Line Railroad Co. v. Boone*, 85 So.2d 834, 842 (Fla.1956) ). Further, where there is an ambiguity in the contract and the facts are not disputed, it is the province of the Court to resolve the ambiguity as a matter of law. *Id.* (citing *Ellenwood v. Southern United Life Ins. Co.*, 373 So.2d 392, 394 (Fla. 1st DCA 1979) ).[3]

While this Court recognizes that generally specific provisions in a contract will govern in its construction over matters stated in general terms, *Raines v Palm Beach Leisureville Community Assoc.*, 317 So.2d 814 (Fla. 4th DCA 1975); this rule does not govern where there is no ambiguity in the contract. *Pottsburg Utilities, Inc. v. Daugharty*, 309 So.2d 199 (Fla. 1st DCA 1975). Moreover, it is a cardinal rule in the construction of contracts that the intention of the parties should be ascertained from a consideration of the whole agreement. *Weingart v. Allen & O'Hara, supra*. The legal effect must be determined from the words of the entire contract. *See, Hoffman v. Robinson*, 213 So.2d 267 (Fla. 3rd DCA 1968).

---

**2.** Because jurisdiction is predicated upon the parties diversity of citizenship pursuant to 28 U.S.C. § 1332, this Court is obligated to determine the release question in accordance with Florida law. *Eric R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); and, *see, Coral Gables Imported Motorcars, Inc. v. Fiat Motors of North America, Inc.*, 673 F.2d 1234, 1238 (11th Cir.1982) ("Although the laws concerning the construction of a general release are more or less uniform among the states, we must begin our analysis of this agreement by focusing on the appropriate state law to be applied.").

**3.** Of course always mindful that as movant, Rogers, has the burden of demonstrating that there are not material facts. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *see, Pettinelli v. Danzig, supra*. However, this standard must be viewed in light of the purpose of the summary judgment rule which is to preserve the Court from frivolous claims. *Redel's Inc. v. General Electric Co.*, 498 F.2d 95, 100 (5th Cir.1974).

In the present case the pertinent language is preceded by the conjunctive "and". By placing a conjunctive term between the general and specific language, the parties clearly expressed an intent to be bound by the release as to all claims which had matured at that time. *Sottile v. Gaines Construction Co., supra;* and *Pettinelli v. Danzig, supra.* The word "and" is used to indicate a connection or an addition. *Webster's New Collegiate Dictionary.* Here an examination of the relevant language demonstrates that the parties intended Mulhern to release all existing claims and, more specifically, the lawsuit then pending. Use of the general and specific language in this context is not mutually exclusive but inclusive, "used in logic as a sentential connective that forms a complex sentence which is true only when both constituent sentences are true." *Id.* This interpretation comports with logic and a fair reading of the entire contract. It also strikes the mark as to the overall intent of the parties.

The earlier state court action styled *Rogers v. Mulhern* was filed on March 20, 1981. The complaint in the present case alleges that Rogers slandered Mulhern "on or about December 1, 1979". Mulhern further alleges that he was slandered again on March 6, 1981 when the original statement was republished. Thus, when the state court litigation was filed on March 20, 1981 Mulhern had a viable cause of action. The parties intended the general release to encompass all claims which had matured including Mulhern's claims for slander.[4] To borrow from the language of *Redel's Inc. v. General Electric Co.,* 498 F.2d 95, 100 (5th Cir.1974), "The language is unfettered by either patent or latent ambiguities. [Mulhern's] efforts to convince the Court otherwise are unpersuasive." *See, also, S.E. Rondon Co. v. Atlantic Richfield Co.,* 288 F.Supp. 879 (C.D.Cal.1968); and, *Novak v. General Electric Corporation,* 282 F.Supp. 1010, 1023 (E.D.Pa.1967).

It is more than prophetic that Mulhern long ago acknowledged this ultimate conclusion. In his moving[5] papers requesting the appellate court to stay execution of the trial court's order compelling the execution of the general release, Mulhern correctly recognized that a valid, binding release would bar him from bringing suit on any claim which has matured. *Lutsch v. Smith,* 397 So.2d 337 (Fla. 1st DCA 1981); *Harrold v. Schluep,* 264 So.2d 431 (Fla. 4th DCA 1972); and *see, generally, United States v. McKeon,* 738 F.2d 26 (2nd Cir. 1984).

In view of the prior admission, one must question the propriety of the filing of this lawsuit. Indeed, the protracted legal struggle over the release in state court and Mulhern's repeated refusal to obey the judicial mandate to execute the release are undoubtedly attributable to his fear that such action would bar the present claim. His fear was not without justification and today becomes a reality.[6]

**4.** This is not a situation as in *Hurt v. Leatherby Ins. Co.,* 380 So.2d 432 (Fla.1980) where a non-signatory to a release attempted to use a printed form to also gain discharge. In the present case, Rogers asserts the very language which discharged him.

**5.** The pertinent language from Mulhern's moving papers reads:

"4. The construction of the per curiam affirmance of the District Court of Appeal, by the trial judge, Honorable Linda Vitale, is as a mandate to compel Appellant Mulhern to execute the General Release.

5. Appellant Mulhern has a separate and independent cause of action which by compliance with the Order of the Trial Court would be released, *Mulhern v. Rogers,* Case No. 83–6297,

Civ-ALH filed in the Federal District Court, Southern District of Florida on April 20, 1983." (The predecessor case to the present lawsuit).

**6.** While this case can be resolved on the release, other defenses may have equal merit and, to some extent, are co-mingled. For example, the final judgment ordering execution of the release is a basis for collateral estoppel, *Gorin v. Osborne,* 756 F.2d 834 (11th Cir.1985); and, it is also subject to the compulsory counterclaim requirement. Florida Rule of Civil Procedure 1.170(a). *See, Coral Gables Imported Motor Cars, Inc. v. Fiat Motors of North America, Inc.,* 673 F.2d 1234 (11th Cir.1982) (The judgment and release bars claims as to matters actually litigated as well as matters that may have been litigated.) But, as noted above, this Court need not reach these issues today.

## CONCLUSION

The cards having been dealt by virtue of the prior litigation and release, the parties must play them. Accordingly, summary judgment is granted for the Defendant; and, this "marathon of litigation" is brought to an end. No other conclusion by this Court would "be according to Hoyle" or in accordance with applicable law.[7] Wherefore, in accordance with the clear intent of the parties, judgment is entered in favor of Kenny Rogers. This cause is dismissed with prejudice. The Court reserves jurisdiction in order to entertain an appropriate motion for costs and other relief.

---

**7.** This result is also in accordance with Florida law which favors the finality of settlements. *Pettinelli v. Danzig,* 722 F.2d 706, 710 (11th Cir.1984) (citing with approval *DeWitt v. Miami Transit Co.,* 95 So.2d 898 (Fla.1957); and, *Lotspeich Co. v. Neogard Corp.,* 416 So.2d 1163 (Fla. 3rd DCA 1982) ).