United States Court of Appeals,

Eleventh Circuit.

No. 97-5412.

Ann A. MERGENS, individually, and as Trustee for the Ann A. Mergens Revocable Trust;  et al., Plaintiffs-Appellants, Cross-Appellees,

v.

Alex W. DREYFOOS, Jr;  Photo Electronics Corporation, a Florida corporation;  et al., Defendants-Appellees, Cross-Appellants.

Feb. 3, 1999.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-8793-CV-KLR), Kenneth L. Ryskamp, Judge.

Before ANDERSON and DUBINA, Circuit Judges, and FAY, Senior Circuit Judge.

FAY, Senior Circuit Judge:

Plaintiffs-Appellants Ann Mergens, individually, and as Trustee for the Ann M. Mergens Revocable Trust, Mary Mergens Loughran, and Paul Mergens ("Mergenses") appeal the district court's order granting the Defendants-Appellees Alex W. Dreyfoos, Jr., Photo Electronics Corporation, Carolyn B. Dreyfoos, D.E. Murray, Photo Electronics Company, L.P., and Freedom Communications, Inc. ("Dreyfoos") motion for judgment on the pleadings.  Based on a thorough review of the pleadings, briefs and record, we conclude that the Mergens federal securities fraud and common law fraud claims are barred by the general release and merger clause.  Similarly, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Plaintiffs-Appellants' remaining common law breach of fiduciary duty claim and dismissing it without prejudice.  Accordingly, we affirm.

*FACTS*

These claims arose out of the negotiation and execution of a Stock Repurchase Agreement

("Agreement") for the sale of the Mergenses' 38% minority equity interest in Photo Electronics Corporation ("PEC") to Dreyfoos, PEC's majority stockholder. On January 17, 1994, the parties entered into this Agreement whereby the Mergenses received $3 million in cash and a $11.5 million promissory note to be paid in eight years. The Agreement contained a merger clause and a general release applicable to all claims accrued as of the date of the Agreement. On September 28, 1995, the day after Dreyfoos paid the note in full, the Mergenses learned that PEC had sold its main asset, WPEC-TV, to Freedom Communications for $150-160 million. Believing that Dreyfoos had realized a windfall, the Mergenses sought to rescind the Agreement but Dreyfoos refused.

The Mergenses brought this action in the United States District Court for the Southern District of Florida in December, 1995, alleging in Counts I-III federal securities fraud in violation of both Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. § 240.10b-5; alleging in Count IV common law fraud in the inducement; and alleging in Count V common law breach of fiduciary duty. Specifically, the Mergenses alleged that Dreyfoos and PEC misrepresented the cash flow and other assets of PEC in order to induce them to sell at a price far below market value. The Mergenses further alleged Dreyfoos fraudulently represented in the Agreement itself that PEC did not contemplate the sale of its assets. On July 18, 1997, the court granted Defendants-Appellees motion for summary judgment on the pleadings with respect to the federal securities fraud and the common law fraud claims and dismissed the fiduciary duty claim without prejudice for want of federal subject matter jurisdiction. 28 U.S.C. § 1367(c)(3). The court held that the Agreement's merger clause and general release barred any securities fraud claim based on misrepresentations or omissions not preserved in the Agreement itself; that a misrepresentation contained in the Agreement only gave rise to a breach of contract claim; and that the rule of unjustifiable reliance barred the fraud in the inducement claim.

On appeal, the Mergenses argue that the merger clause and general release do not bar federal securities law and common law fraud claims where a misrepresentation is expressly set forth in the written agreement. Second, the Mergenses contend that neither the Agreement's terms nor the rule of unjustifiable reliance bar fraud claims based on representations made to third parties or omissions. Third, the Mergenses argue as Cross-Appellees that the court was not required to dismiss the fiduciary duty claim which it dismissed without prejudice.

In response, Dreyfoos argues that the general release and rule of justifiable reliance bar all claims. Dreyfoos also argues, as Defendants-Cross-Appellees, that the district court erred by failing to dismiss the breach of fiduciary duty claim with prejudice.

### *STANDARD OF REVIEW*

This Court reviews judgments on the pleadings *de novo. See Ortega v. Christian,* 85 F.3d 1521, 1524-25 (11th Cir.1996). Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. *Id.* at 1524. When reviewing judgment on the pleadings, we must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* at 1524.

In contrast, review of the district court's dismissal of the state cause of action for want of subject matter jurisdiction is reviewed under the abuse of discretion standard. *See L.A. Draper & Son v. Wheelabrator-Frye, Inc.,* 735 F.2d 414, 420 (11th Cir.1984).

### *DISCUSSION*

The first issue is whether the release in the written Agreement bars the Mergenses' federal securities and common law fraud claims. As set forth in the Agreement, Plaintiffs-Appellants contracted to release Defendants-Appellees from any claim they "ever had, now have ... shall or may have ... from the beginning of the world to the date [of the Settlement Agreement]." The parties also

stipulated, pursuant to Art. V.8 of the Agreement, that Florida law will govern in the event of a dispute[1].

Under Florida law, "[t]he validity and effect of a settlement and release are governed by contract law." *Travelers Insurance Co. v. Horton,* 366 So.2d 1204 (Fla. 3rd DCA 1979). "A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract." *Medical Center Health Plan v. Brick,* 572 So.2d 548, 551 (Fla. 1st DCA 1990).

The Agreement contains four relevant provisions. First, the Mergenses warranted that they were sophisticated sellers and that they were provided with the full opportunity to investigate and evaluate the financial condition of PEC. Second, Dreyfoos warranted that he had no current intention or plan to sell PEC or PEC's assets. Third, the Mergenes agreed to release Dreyfoos from any and all causes of action from the beginning of time to the date the agreement was signed. Finally, the parties agreed that Agreement represented the entire understanding of the parties and that any prior representation was superseded by the current contract.

The district court was correct in holding that the general release unambiguously bars all actions premised on claims that arose before, and contemporaneous to, the execution of the Agreement. The only question remaining is whether the Mergenses can establish that the release was procured by fraud, thereby making it voidable.

The Mergenses contend that their fraud causes of action survive the release because Dreyfoos fraudulently misrepresented in the Agreement that he had no current intention to sell PEC or any of its assets. To prove fraud under Florida law, the plaintiff must show that "1)the defendant

---

[1]Although the Mergenes urge this Court to ignore the plain wording of the contract and apply federal common law to this action, case law in this circuit does not allow us to do so. *See, Finn v. Prudential-Bache Securities, Inc.,* 821 F.2d 581, 586 n. 5 (11th Cir.1987)(applying state law to determine the validity of release of federal securities law claims); *Pettinelli v. Danzig,* 722 F.2d 706, 709(11th Cir.1984).

made a false representation of past or present fact, 2)the defendant knew the statement was false, 3)the statement was made for the purpose of inducing the plaintiff to rely on it, and 4)the plaintiff's reliance was reasonable." *Finn v. Prudential-Bache Securities, Inc.,* 821 F.2d 581, 586 (11th Cir.1987)(citing *Pettinelli v. Danzig,* 722 F.2d 706, 709 (11th Cir.1984)).

The district court relied on *Pettinelli,* 722 F.2d at 706, in holding that the Mergenses were not justified in relying on any representation for purposes of establishing a fraud claim. In *Pettinelli* this Court addressed a claim brought by the plaintiff alleging the defendant fraudulently induced him to execute a contract concerning the sale of securities. This Court held that no fraud cause of action existed because the plaintiff was unable to show a material misrepresentation, and even assuming a material misrepresentation existed, reliance on that representation was unjustifiable as a matter of law. With respect to the rule of justifiable reliance, this Court said "[w]hen negotiating or attempting to compromise an existing controversy over fraud and dishonesty it is unreasonable to rely on representations made by the allegedly dishonest parties." *Id.* at 710.

Prior to the execution of the Agreement in the instant case, the Mergenses complained Dreyfoos was mismanaging PEC alleging "a shocking waste of corporate assets and personal profit at the expense of PEC shareholders by Dreyfoos." The attorney for the Mergenses sent a letter to Dreyfoos threatening litigation if Dreyfoos did not buy back the Mergens's share of PEC. The letter included a prepared, but not filed, complaint alleging fraud and other causes of action. A more untrusting relationship is difficult to imagine.

Moreover, in factual situations substantially similar to this action, this Circuit and various district courts have held that the plaintiffs were unjustified in relying on representations made by the defendants. *See Finn v. Prudential-Bache Securities Inc.,* 821 F.2d 581, 585-586 (11th Cir.1987); *Hall v. Burger King Corp.,* 912 F.Supp. 1509, 1524-25 (S.D.Fla.1995); *Jankovich v.*

*Bowen,* 844 F.Supp. 743, 747-48(S.D.Fla.1994); *Zelman v. Cook,* 616 F.Supp. 1121, 1133 (S.D.Fla.1985). First, the Plaintiffs-Appellants specified in the agreement that they were sophisticated sellers, represented by both legal counsel and certified public accountants. Second, the parties had been in an adversarial relationship since well before the execution of the Agreement. Finally, the Mergenses entered into the Agreement, in part, to settle a lawsuit threatened by the Plaintiff-Appellants that claimed fraud. Based on the posture of the parties prior to the execution of the Agreement, the district court correctly held that the Mergenses had no legal right to rely on the representations of Dreyfoos and PEC.

The Mergenses contend, notwithstanding *Pettinelli* and its progeny, that they were justified in relying on representations set forth in the written agreement, no matter how adversarial the relationship might be. This argument is plainly correct, but only to the extent that they have a right to rely on an express term when pursuing a contract cause of action. As the court explained in *Pettinelli,* where a written agreement explicitly contains representations, and those representations have not been performed, a breach of contract action may be appropriate. *Id.* at 710. As the Mergenses have not plead breach of contract, no cause of action is available based on such a theory.[2]

The Mergenses also contend that they justifiably relied on misrepresentations made to "neutral" third parties, i.e., parties with whom the Defendant-Appellees were not in an adversarial relationship, and that these misrepresentations can form the basis of their fraud claims. We do not agree.

The Mergenses had no right rely to on any representation presented by Dreyfoos to a third party concerning facts relevant to the sale of their stock. The Plaintiffs-Appellants' Amended

---

[2]We offer no opinion as to the merits of such a claim. We only note that when express terms in a contract are breached the appropriate action is for breach of contract.

Complaint expressly states that on June 23, 1993 PEC's chief financial officer commissioned Merrill Lynch to value the Mergenses' interest in PEC as an inducement to sell. At that point in time, the Mergenses had already threatened a shareholder's action, discovered a shocking waste of corporate assets, and commissioned a valuation of their interest in PEC with independent accountants. These facts show that the parties were clearly adversaries when the reliance on PEC's alleged misrepresentations to Merrill Lynch occurred. Furthermore, as PEC intended the Merrill Lynch report to induce the Mergenses to sell, it was just as unreasonable for the Mergenses to assume that PEC made a full and accurate disclosure in negotiating their Agreement. Finally, the Merrill Lynch report contained an explicit disclaimer stating that the findings were based only on information provided by PEC, that it did not independently verify such information, and that it assumed such information to be accurate. Given the strong disclaimer, the nature of the parties relationship at that time, and the knowledge that the report was created to induce a sale, this Court affirms the district court's holding that reliance on such misrepresentation was unjustifiable as a matter of law.

Finally, the Mergenses contend that they were justified in relying on Defendant-Appellee's omissions. To support this argument, the Mergenses cite a federal securities fraud case where the plaintiffs were not required to prove reliance on omissions. *See Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 153, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). In *Affiliated,* the Supreme Court held that it was sufficient for plaintiffs to prove the facts withheld were material to the investment decision. *Id.* at 153-154, 92 S.Ct. 1456. However, the Mergenses point to no authority that has applied this exception to the rule of justifiable reliance to a common law fraud in the inducement claim.

Although the Plaintiffs-Appellants contend *Pettinelli* is not applicable because the facts in that case concerned misrepresentations, not omissions, we find the opinion persuasive nonetheless.

As misrepresentations can so easily be characterized as omissions,[3] an exception for omissions would virtually eliminate the *Pettinelli* rule altogether. Given this Circuit's and district courts' reliance on *Pettinelli, see supra,* we conclude that the district court correctly dismissed the Mergenses' fraud in the inducement claim.

Lastly, the Defendants-Cross-Appellants contend that the district court abused its discretion by dismissing the Mergenses' state common law fiduciary claim without prejudice. Dreyfoos argues that as the Agreement's general release equally bars this claim the district court should have exercised supplemental jurisdiction and dismissed the claim with prejudice.

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Plaintiffs-Appellants' fiduciary duty claim. Discretion over pendant state claims is expressly conferred to district courts by statute. 28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." More specifically, this Court has noted that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.,* 735 F.2d 414, 428 (11th Cir.1984)(citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

In the instant case, the district court granted Defendant-Appellees' motion for judgment on the pleadings with respect to all claims over which the court had original jurisdiction. As all of the federal claims were dismissed before trial, the district court appropriately declined to exercise supplemental jurisdiction over Plaintiffs-Appellants' remaining state claim. This Court now holds

---

[3]An example of re-characterizing a misrepresentation as an omission came at a hearing before the district court where counsel for the Mergenses stated, "I will give you some of the omissions in our case. The defendants in our case omitted to tell us that the projections they had given us as to how this business was going and how it would do in the future were false."

that the district court did not abuse its discretion in dismissing Count V without prejudice.

AFFIRMED.