771 So.2d 567 (2000)
Kenneth MULHOLLAND and Charlotte Mulholland, Appellants,
v.
USAA INSURANCE COMPANY, Appellee.
No. 2D99-4365.
District Court of Appeal of Florida, Second District.
October 6, 2000.
*568 William H. Winters of Richard Mulholland and Associates, Tampa, for Appellants.
Gregory J. Blackburn of Santos, Dutton, Lynott & Henry, P.A., Tampa, for Appellee.
PARKER, Acting Chief Judge.
Kenneth and Charlotte Mulholland (the Mulhollands), who were plaintiffs in the trial court, appeal the trial court's order granting a final summary judgment in favor of USAA Insurance Company. Because a genuine issue of material fact remains concerning whether an uninsured motorist (UM) claim had matured at the time Mr. Mulholland signed a general release, we reverse.
In 1993 Mr. Mulholland was involved in a motor vehicle accident and claimed injuries as a result. At some point in time, the Mulhollands filed suit against USAA Insurance Company (USAA) for personal injury protection (PIP) benefits in county court. Ultimately, the action was settled and Mr. Mulholland entered into a general release with USAA in 1995. The general release provides, in pertinent part:
HEREBY remise, release, acquit, satisfy, and forever discharge the said second party, of and from all, and all manner of action and actions, cause and causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said first party ever had, now has, or which any personal representative, successor, heir or assign of said first party, hereafter can, shall or may have, against said second party, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents.
This is a release of any and all claims brought pursuant to USAA Policy Number 583680 and arising out of that certain accident and/or accidents taking place on or about September 22, 1993, at or near Fletcher Avenue and Lake Magdaline Boulevard in the city of Tampa, Florida, and resulting in the certain lawsuit filed in the Hillsborough County Court in and for Tampa, Florida, Case No. 95-2797SC, and includes any and all claims for personal injury, property damage, medical and/or hospital bills, liens of any kind and/or nature, including claims for loss of services, attorney's fees and/or costs. This release specifically does not release or prohibit Kenneth S. Mulholland from claiming PIP or medical payment benefits pursuant to USAA Policy No. 583680 arising out of the subject accident.
In 1998 the Mulhollands filed an action in circuit court against USAA for UM *569 benefits. USAA argued that summary judgment should be entered on its behalf because of the existence of the general release. The trial court agreed that the language of the general release was sufficient to bar Mulholland's action and entered summary judgment in favor of USAA.
On appeal, the Mulhollands argue that the specific language referring to claims brought pursuant to Policy No. 583680 limits the release to claims which have already been "brought" in county court which, in this case, included only claims for PIP. USAA replies that the specific language does not limit the release to claims "brought," but merely indicates that "any and all claims" are being released, including, but not limited to, those items that are specifically listed. While specific language usually controls over general language, see, e.g., Raines v. Palm Beach Leisureville Community Ass'n, 317 So.2d 814, 817-18 (Fla. 4th DCA 1975), the language must conflict in order to trigger this maxim of construction, see Mulhern v. Rogers, 636 F.Supp. 323, 325 (S.D.Fla.1986); State Farm Mut. Auto. Ins. Co. v. Lynch, 661 So.2d 1227, 1229 (Fla. 3d DCA 1995).
We conclude that USAA is correct that the specific language does not conflict with the general language in the release, but merely clarifies it. The clause at issue here establishes "[t]his is a release of any and all claims brought ... and arising out of that certain accident...." (Emphasis added.) Thus, the plain language of the clause releases all claims related to the Fletcher Avenue accident which have been brought and which could have been brought.
While USAA's assertion that the specific language does not limit the release to claims "brought" appears to be correct, the release is only binding on claims which had matured at the time the release was signed. See Mulhern, 636 F.Supp. at 326; Hold v. Manzini, 736 So.2d 138, 141 (Fla. 3d DCA 1999). The trial court in this case did not make any findings as to when the Mulhollands' UM claim had matured. Without such findings, we conclude that there is a genuine issue of material fact concerning whether the UM claim had matured at the time Mr. Mulholland signed the release. Accordingly, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded to the trial court for resolution of the remaining issue of material fact.
CASANUEVA and DAVIS, JJ., Concur.