Christopher Lamar WILLIAMS,
Plaintiff,

v.

KMART CORPORATION, Defendant.

No. CIV.A. 03–A–239–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 20, 2004.

Joseph B. Lewis, Montgomery, AL, for Plaintiff.

Charlotte K. McClusky, Atlanta, GA, Richard J. Antonelli, Pittsburgh, PA, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion for Judgment on the Pleadings and Request for Entry of a Protective Order (Doc. #16) filed by Kmart Corporation ("Defendant") on October 8, 2003.

The Plaintiff, Christopher Lamar Williams ("Plaintiff"), filed his Complaint in this court on March 3, 2002, bringing claims for discrimination in violation of 42 U.S.C. § 1981 (Count One), Discrimination in Violation of Title VII (Count Two), Discrimination in Violation of Title VII (Count Three), and Discrimination in Violation of 29 U.S.C. § 621 (Count Four). The Plaintiff contends that federal question subject matter jurisdiction exists in this case.

### II. STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116–17 (11th Cir.1999). The court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* at 1117.

### III. FACTS

The facts as alleged by the parties which are relevant to the instant motion are as follows:

Williams was employed by Kmart for approximately 29 years. He was working as Operations Manager on April 15, 2002, when he was informed by the Store Director that he was being permanently assigned to the night shift as Overnight Replenishment Manager. Williams contends that this action constituted discrimination against him on the basis of his race, age, and sex.

On January 22, 2002, Kmart filed a petition for voluntary bankruptcy under 11 U.S.C. § 101 *et seq.* The bankruptcy court issued a Confirmation Order which enjoins any person who possesses a claim from commencing or continuing in any manner any claim which they possessed prior to May 6, 2003. The Confirmation Order also set up a mechanism by which an administrative claim can be filed for claims which accrued after the Petition date, but before the effective date of May 6, 2003.

## IV. *DISCUSSION*

The Defendant has asserted both that this court lacks subject matter jurisdiction and that the Plaintiff has failed to state a claim. While it is not entirely clear to the court, because the Defendant does not divide its arguments based on a lack of subject matter jurisdiction and a failure to state a claim, it appears that the Defendant argues that this court lacks subject matter jurisdiction because the Plaintiff failed to obtain permission from the bankruptcy court before filing a complaint in this court, and that the Plaintiff has failed to state a claim for which relief can be granted because his claims have been enjoined. The Defendant points out that the Confirmation Order entered by the bankruptcy court established a mechanism to address claims which accrued after the petition date, but before the May 6, 2003 effective date. The Defendant argues that the Plaintiff is attempting to collect on a discharged liability.

The Plaintiff responds to these arguments by citing the court to 28 U.S.C. § 959(a) which provides as follows:

(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

The Plaintiff states that he made a procedural decision not to file his claims as an administrative claim, but to pursue his constitutional right to trial by jury.

Although the Eleventh Circuit has not addressed a case in an identical procedural posture, it has decided a case which discusses the application of § 959(a). *See Carter v. Rodgers,* 220 F.3d 1249 (11th Cir.2000). In *Carter,* the court held that a district court correctly dismissed for lack of subject matter jurisdiction a case in which a debtor sued the bankruptcy trustee for breach of fiduciary duty in the administration of the estate. *Id.* at 1255. In so holding, the Eleventh Circuit concluded that the exception in § 959(a) did not apply in that case because the debtor was not bringing a claim based on conduct occurring during business operations, but rather was bringing a claim based on breaches of fiduciary duties stemming from official bankruptcy duties. *Id.* at 1254. The court explained that the exception in § 959(a) is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as a negligence claim after a slip and fall. *Id.*

The court finds the *Carter* case significant for two reasons. One, it identifies the purpose of § 959(a) as allowing for redress

for actions committed during the conduct of the debtor's business. Two, it frames the issue of lack of subject matter jurisdiction in terms of whether leave from the bankruptcy court is required before suit may be brought in federal district court.

The plain language of § 959(a) seems to allow for the filing of the complaint in the instant case. The claims asserted in this case are employment claims stemming from the conduct of the Defendant's business. The claims which the Plaintiff asserts, therefore, fall within the purpose identified by the Eleventh Circuit of allowing for claims against a debtor incurred during the conduct of the business.

The Defendant points out that § 959(a) refers to the equitable powers of the bankruptcy court, and argues that the section is not an exception to the order discharging claims and enjoining further actions. Therefore, according to the Defendant, § 959(a) does not allow for the claims asserted here. The Defendant has argued that even assuming that § 959(a) is a viable exception to automatic or blanket stay orders, the discharge order here enjoins the Plaintiff from continuing this case.

In *Diners Club, Inc. v. Bumb,* 421 F.2d 396 (9th Cir.1970), the court explained that § 959(a) was enacted in response to the Supreme Court's holding in *Barton v. Barbour,* 104 U.S. 126, 14 Otto 126, 26 L.Ed. 672 (1881), that a receiver could be sued in another court only by leave of the court appointing him. The Ninth Circuit reasoned that although § 959(a) in its first sentence is an exception to a blanket stay or injunction, a bankruptcy court properly exercises discretion to enjoin a particular suit as impairing the administration of the bankruptcy estate. This reasoning comports with that of other courts which have determined that where a reorganization court has not enjoined specific litigation, § 959(a) governs, rather than blanket provisions in the reorganization court's or-

ders. *See Haberern v. the Lehigh and New England Railway Co.,* 554 F.2d 581, 585 (3d Cir.1977).

In this case, the bankruptcy court has not issued a stay or injunction in response to this particular lawsuit. Although the discharge Order refers to claims by employees, the bankruptcy court has not exercised discretion to enjoin this particular lawsuit. This court concludes, therefore, that in this case where no determination to enjoin this particular suit has been made by the bankruptcy court, the Defendant's reliance on the equitable powers of the bankruptcy court is unavailing as support for the contention that this court lacks subject matter jurisdiction. Because the statute applies, and the Plaintiff is allowed to file his Complaint without seeking leave from the bankruptcy court, the court concludes that the Motion for Judgment on the Pleadings is due to be DENIED, to the extent that it seeks dismissal for lack of subject matter jurisdiction. *See also Robinson v. Michigan Consolidated Gas Co., Inc.,* 918 F.2d 579, 586 (6th Cir.1990).

The remaining issue in the Motion for Judgment on the Pleadings is whether the Plaintiff has failed to state a claim. With regard to this issue, the Defendant has asked this court to determine whether the bankruptcy court's order of discharge precludes the Plaintiff's claim in this court. In presenting its arguments on this issue, the Defendant has relied on matters outside of the pleadings. *See e.g.,* Affidavit of Shannon Maloney.

Federal Rule of Civil Procedure 12(c) contains a conversion provision which states that: "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." A document attached to a motion for judgment on the pleadings may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002).

In this case, the Defendant has attached to its motions at least one document which does not appear to meet these criteria. Accordingly, the court will give the Plaintiff until February 3, 2004 to respond with any submissions outside of the pleadings and additional brief he may choose to submit. The Defendant will be given until February 10, 2004 to file a reply. The Motion for Judgment on the Pleadings, treated as a Motion for Summary Judgment, will be taken under submission at that time.

## V.  *CONCLUSION*

For the reasons stated above, it is hereby ORDERED as follows:

1.  The Motion for Protective Order is DENIED.

2.  The Motion for Judgment on the Pleadings is DENIED, to the extent that it is based on a lack of subject matter jurisdiction.

3.  The Motion for Judgment on the Pleadings, to the extent that it asserts a failure to state a claim, is held in abeyance at this time and will be treated as a Motion for Summary Judgment. The Plaintiff has until February 3, 2004, to file any evidence and brief he may wish to file in opposition to this motion, and the Defendant has until February 10, 2004, to file a reply. The Motion for Judgment on the Pleadings, converted into a Motion for Summary Judgment, will be taken under submission on that date.