[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 5, 2008
THOMAS K. KAHN
CLERK

No. 08-11186
Non-Argument Calendar

_____

D. C. Docket No. 04-81025-CIV-ZLOCH

THOMAS MEDKSER,
THOMAS J. BLUM,
T. H. HOLLOWAY,
RICHARD BRINKMAN,
W. MANOR LTD.,
MILTON F. LANGER,
CHARLES PHELPS,
WILLIAM E. N. PONSETI,
CHRISTOPHER M. PONSETI,
JERRY S. REDD,
CRAYTON R. WALKER,

Plaintiffs-Appellants,

versus

DAVID J. FEINGOLD,
DARREN SILVERMAN,
KRISTIAN BASO,
PAUL SLOAN,

Defendants-Third-Party-Plaintiffs-Appellees,

ALL DEFENDANTS,

                                                              Defendant,

                                      versus

STEVEN S. BISS,

                                                    Third-Party-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(November 5, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas Medsker and ten other shareholder-plaintiffs appeal the district court's grant of judgment on the pleadings in favor of defendants David Feingold, Darren Silverman, Kristian Baso, and Paul Sloan. For the reasons stated below, we vacate the district court's judgment in part, affirm in part, and remand for further proceedings.

**BACKGROUND**

In the plaintiffs' complaint, they allege that the defendants engaged in fraud and civil conspiracy to induce them to invest in IDT Group, a hedge fund, and in

2

Brandaid Marketing Corporation, resulting in over $4.8 million in losses to these plaintiffs. Specifically, the complaint alleges: that Silverman and Sloan made knowingly false misrepresentations upon which the plaintiffs relied in deciding to invest in IDT Group, thereby violating Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, and committing common law fraud (counts 1 and 2); that Feingold, Silverman, Baso, and Sloan were control persons of IDT Group and Brandaid and their actions in that capacity resulted in IDT Group's and Brandaid's violations of the securities law (count 3); and that the defendants defrauded plaintiffs in their investments and transferred plaintiffs' funds to offshore accounts, thus committing civil conspiracy (count 4).

The defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The defendants argued that the plaintiffs' claims were derivative in nature as their allegations were common to all shareholders and were thus improperly brought in a direct action. The defendants further contended that IDT had filed for bankruptcy protection and therefore only the bankruptcy trustee could pursue a suit on IDT's behalf.

The case was referred to a magistrate judge who agreed with the defendants that the plaintiffs' claims were derivative and recommended granting judgment on

the pleadings.  The magistrate judge noted in particular that the complaint referred to "other investors" who also received the fraudulent materials containing the misrepresentations, and that an allegation of diverting assets was a derivative claim belonging to all shareholders.  The magistrate judge concluded that because IDT was involved in bankruptcy proceedings, the trustee was the proper party to raise the claims.  The district court adopted the report and recommendation of the magistrate and granted the defendants' motion for judgment on the pleadings.

## STANDARD OF REVIEW

This Court reviews <u>de novo</u> a motion for judgment on the pleadings.  <u>Moore v. Liberty Nat. Life Ins. Co.</u>, 267 F.3d 1209, 1213 (11th Cir. 2001). Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law.  <u>Mergens v. Dreyfoos</u>, 166 F.3d 1114, 1117 (11th Cir. 1999).  We must accept all facts in the complaint as true and "view them in the light most favorable to the nonmoving party" — here, the plaintiffs.  <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998)

## DISCUSSION

Appellees argue that the Rule 12(c) judgment was appropriate because Appellants' claims may only be brought as shareholder derivative claims, and

4

because the corporation in question is currently involved in bankruptcy proceedings, such claims belong only to the bankruptcy trustee. Thus, our first question is whether these claims are direct or derivative claims. "In a diversity action, the determination will be made under state law; in suits in which the rights being sued upon stem from federal law, federal law will control the issue whether the action is derivative." 7C WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, § 1821 (3d ed. 2007). Plaintiffs here raise both federal claims, citing violations of Rule 10b-5, as well as common law fraud and conspiracy. The definitions of a derivative claim under both federal and Florida state law are similar and, for the purposes of this suit, the discrepancies are not relevant. In traditional derivative suits, shareholders sue to enforce a right belonging to the corporation for which the corporation itself could have brought suit. Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 528-29 (1984); Citizens National Bank of St. Petersburg v. Peters, 175 So.2d 54, 56 (Fla. Dist. Ct. App. 1965). A claim may be brought in a direct action, however, where the injury was sustained directly by the plaintiff bringing the suit and is separate and distinct from injuries sustained by the corporation and all other shareholders equally. Citizens National Bank, 175 So.2d at 56; Cowin v. Bresler, 741 F.2d 410, 415 (D.C. Cir. 1984).

5

The injuries alleged in counts 1, 2, and 3 constitute direct injuries sustained by these plaintiffs. The complaint states that the defendants made intentional misrepresentations to these plaintiffs and thereby fraudulently induced them to invest their money into IDT and Brandaid which they would not otherwise have done. This is not an injury to the corporation, but to these investors, and the suit may be brought as a direct action. Although the magistrate judge characterized the allegations in the complaint as common to "all investors," this was inaccurate. The complaint states merely that "other investors" may have heard the misrepresentations in addition to the plaintiffs, but specifically alleges that these plaintiffs relied upon the misrepresentations and invested their money. The claims involve direct injuries sustained by these plaintiffs based their own reliance on fraudulent statements and misrepresentations made to them. The fact that some other investors may also have been similarly injured does not transform these direct claims into derivative ones. The corporate entity could not bring suit to recover the investment that these plaintiffs made relying on the fraudulent actions of the defendants; thus, these claims may be maintained in this direct action.

Count 4, on the other hand, may only be brought as a derivative claim. Count 4 focuses on the defendants' actions converting "Plaintiffs' funds" invested in IDT and Braindaid and transferring those funds to personal accounts of the

6

defendants. This claim alleges that the defendants used their positions as managers and directors of the entities to abscond with funds invested in IDT and Brandaid. This claim is indistinguishable from the myriad claims of self-dealing and mismanagement that courts have held may only be brought as derivative claims. See Cowin, 741 F.2d at 416 (holding that claims involving self-dealing and diversion of assets are "fundamentally claims belonging to the corporation and to the [shareholder] only derivatively"). The loss of value to these Plaintiffs' investment in IDT and Brandaid is indistinguishable from the loss to all other investors who were similarly harmed when funds were transferred from the corporate account to personal accounts of the defendants. See Citibank, N.A. v. Data Lease Fin. Corp., 828 F.2d 686, 693 (11th Cir. 1987). In terms of the conversion and loss of invested funds and subsequent loss in the value of their investment, these plaintiffs "retain the same opportunity to be made whole by a corporate recovery from the wrongdoer" as do all the other similarly situated investors. Id. Furthermore, we fail to see how Plaintiffs identify that it was "their" money that was transferred to personal accounts of the defendants since the defendants' alleged actions took place after the plaintiffs invested their money, i.e., after the money had become corporate money indistinguishable from the funds of all investors. Thus, count 4 may not be brought as a direct claim, and we agree

with the district court's conclusion that count 4 may only be maintained as a derivative suit.

Because we conclude that count 4 may only be brought as a derivative claim, we turn next to the district court's conclusion that, under the circumstances of this case, only the bankruptcy trustee may bring this claim. Plaintiffs, however, have made no arguments against this position on appeal, and have thus abandoned this issue. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998). We, therefore, affirm the district court's dismissal of count 4.

## CONCLUSION

For the foregoing reasons, we **VACATE** the district court's order granting judgment on the pleadings in part, **AFFIRM** the order in part, and **REMAND** for further proceedings consistent with this opinion.