HODGES, District Judge,
Concurring in part and Dissenting in part:
I concur in those parts of the majority opinion that affirm the rulings of the district court, but respectfully dissent from the majority holding (Part III.A.) that the Appellants have adequately pleaded a deprivation of procedural due process as to Section 20-30, the trespass ordinance, and I would not reach the state constitutional claim regarding the right to intrastate travel (Part III.C.).
In sum, I would affirm the district court's dismissal of the action, but with instruction to dismiss the state constitutional claim without prejudice, thereby leaving that issue for the state courts to resolve.
I.
As the majority skillfully points out, the liberty interest asserted by the Appellants is bifurcated and progressive in nature and significance. At the time a trespass warning is issued, no trespass has yet occurred and the limitation upon the claimant’s liberty of movement is minimal. If the warning is later unheeded resulting in an arrest, the deprivation of the claimant’s liberty is obviously .much more severe. This is important because the process that is due depends upon the extent or significance of the deprivation involved. See Gilbert v. Homar, 520 U.S. 924, 931, 117 S.Ct. 1807, 1812, 138 L.Ed.2d 120 (1997); Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); Goldberg v. Kelly, 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1970).
Here, as noted in the majority opinion, the trespass' warning issued to Appellant Anthony Catron expressly stated that it was effective “unless such prohibition is rescinded in writing by the City official having control over the premises.” The majority dismisses this declaration as insufficient to establish a necessary procedure, and this is the point of my disagreement. The mere mention of rescission necessarily implies — and gives notice of— the right to apply to the designated city official for review and possible relief. To be sure, that is not an elaborate procedural mechanism, but I deem it to be enough under the circumstances to provide the required procedural safeguard for the minimal deprivation occasioned by a trespass warning. Thompson v. Ashe, 250 F.3d 399 (6th Cir.2001) is a case remarkably on point. Albert Thompson was placed on a “no trespass” list by a public housing authority prohibiting entry by Thompson upon the grounds of public housing facilities managed by the authority. Among other claims, Thompson asserted a violation of his right to procedural due process. The Sixth Circuit held (250 F.3d at 407-408) that a meeting between Thompson and the executive director of the authority concerning Thompson’s placement on the list was sufficient to satisfy any process he was due.
H.
If the dismissal of the federal claims is affirmed in all respects, as I believe to be *1274 appropriate, it then becomes unnecessary to decide what to do about the state constitutional claim. The district court dismissed it with prejudice while the majority (Part III.C.) holds that the claim should be reinstated. In the absence of the federal claims, however, the statute — 28 U.S.C. § 1367(c)(3) — provides a mechanism for declining jurisdiction in order that the state courts may resolve issues of state law, especially issues of state constitutional law. The circumstances of this case clearly fall within the ambit of the relevant authorities teaching that dismissal without prejudice is the appropriate course of action here. See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-747 (11th Cir.2006). See also United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir.1999) (“[I]f the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims.”).