ZEHMER, Judge.
Margaret Smith, as personal representative of the estate of Robert Smith, appeals a workers’ compensation order that vacates an earlier order approving a settlement agreement between employer and carrier and Mrs. Smith’s deceased husband, Robert Smith. Because Mr. Smith’s death prior to *810 the judge of compensation claims’s approval of the settlement agreement was a material fact that was essential to the judge’s consideration of the agreement, we hold that such fact provided a sufficient basis for the judge’s later vacation of the order of approval and affirm the appealed order.
The facts of this case are undisputed. Robert Smith sustained a work-related back injury on October 25,1985. Employer and carrier accepted the accident as com-pensable, and paid some benefits. A dispute arose over the payment of additional benefits, and in February 1991, the parties agreed to a lump-sum settlement of $71,-500.00.[1] On February 19, 1991, the parties signed the joint stipulation and petition for lump-sum settlement. On February 20, 1991, the settlement papers were delivered to the judge of compensation claims’s office for approval. On February 21, 1991, Mr. Smith died. On February 25, 1991, the judge of compensation claims, who at that time did not know of Mr. Smith’s death, approved the settlement. On March 21, 1991, employer and carrier moved to vacate the order approving the settlement on the ground that Mr. Smith’s death constituted a change of material fact that was not known to employer and carrier or to the judge of compensation claims at the time the settlement was approved. After hearing on the motion, the judge entered an order vacating the earlier order approving the settlement agreement and ordering that the settlement check be returned.[2]
On appeal of this order, Mrs. Smith contends that the parties waived their right to a hearing and submitted the settlement agreement to the judge for approval on the record as it then existed. She argues that because the facts that existed at the time the parties signed the agreement were fully, accurately, and completely stated in the settlement agreement, the judge could consider only those facts in determining whether to approve the settlement agreement. We reject her argument for the following reasons.
The law is well settled that a settlement agreement is not final and enforceable until it is approved by the judge of compensation claims. Rogers v. Concrete Sciences, Inc., 394 So.2d 212 (Fla. 1st DCA 1981). The responsibility of the judge in considering a settlement agreement is not to perform a perfunctory, mechanical act. Brantley v. A.D.H. Building Contractors, Inc., 215 So.2d 297 (Fla.1968). Rather, section 440.20(12), Florida Statutes (1989), requires the judge to perform several acts prior to approving a lump-sum settlement agreement, including reviewing the division file, determining whether a lump-sum payment in exchange for the employer and carrier’s release from liability is in the best interest of the claimant, and determining whether the amount of the settlement is proper under the statute. Where the parties stipulate that the proposed final settlement of liability for the employer for compensation shall not be subject to modification or review under section 440.28, the judge is directed to make or cause to be made such investigation as he considers necessary to determine whether such final disposition will definitely aid the rehabilitation of the injured worker or otherwise is clearly for the best interest of the person entitled to compensation. Section 440.-20(12)(c), Fla.Stat. (1989).
Contrary to appellant’s argument that the record was closed at the time the settlement agreement was submitted to the judge, Fla. W.C.R.P. 4.131(d)[3] makes clear *811 that even after submission of a settlement agreement, the parties and their attorneys are obligated to submit to the judge all evidence material to the consideration and disposition of the agreement. In accordance with this rule, the Smiths’ attorney was obligated to notify the judge prior to his approval of the settlement agreement that Mr. Smith had died. Since the order of approval was entered without the judge’s knowledge of a fact that was material to his consideration of the settlement agreement, the order vacating the prior order was proper. See Cordell v. Pittman Bldg. Supply, 470 So.2d 865 (Fla. 1st DCA 1985) (“[T]he parties’ failure to inform the deputy of the facts necessary for a true evaluation of the circumstances bearing on the claimant’s condition prevented the deputy from being able to perform his statutory duty in furtherance of the public policy expressed in Section 440.20(12)(a).”).
AFFIRMED.
MINER and WEBSTER, JJ., concur.

. The joint stipulation and petition for lump-sum settlement states that this amount represented the present worth value of any additional past and all future compensation, wage loss, permanent total disability and/or supplemental benefits, and any rehabilitation temporary total disability (TTD) benefits.

. The record shows that subsequent to entry of the appealed order and pursuant to a stipulation between the parties, the judge of compensation claims ordered employer and carrier to pay Margaret Smith $7,053.24 to satisfy the past claims for compensation, supplemental benefits, penalties, and interest.

.Fla. W.C.R.P. 4.131(d) states:
Prior to the approval of any agreement under this rule, the parties and their attorneys shall submit to the Deputy Commissioner for inclusion in the Division file all evidence which is in their possession which is material to the consideration and disposition of the settlement agreement.