PER CURIAM.
In this workers’ compensation case, the claimant seeks review of an order denying his petition to set aside an earlier order approving a lump-sum settlement. The judge of compensation claims found that claimant was fully aware at the time of the settlement that, although he had had surgery to correct a herniated disc in his back at L5-Sl, he still had a bulging disc at L4-L5. The judge of compensation claims found, further, that his predecessor had reviewed the entire file and had full knowledge of claimant’s medical condition before he approved the settlement. Our careful review of the record convinces us that neither of those findings is supported by competent, substantial evidence. Accordingly, we reverse, and remand with directions that the order approving the settlement be set aside. § 440.20(12)(d) Fla. Stat. (Supp.1990). See, e.g., Cordell v. Pittman Building Supply, 470 So.2d 865 (Fla. 1st DCA 1985) (settlement must be set aside because JCC not informed of all facts necessary to evaluate whether it was in claimant’s best interest); East v. Pensacola Tractor & Equip. Co., 384 So.2d 156 (Fla. 1st DCA 1980) (failure of JCC to review entire file, including all medical reports, before approving settlement is fundamental error invalidating agreement and order).
REVERSED and REMANDED, with directions.
BOOTH, SMITH and WEBSTER, JJ., concur.