PER CURIAM.
The judge of compensation claims dismissed appellant’s petition to set aside a washout settlement, finding that the petition was not legally sufficient to justify an evidentiary hearing. We conclude that the petition made allegations sufficient to at least warrant such a hearing. See Steele v. A.D.H. Bldg. Contractors, Inc., 174 So.2d 16 (Fla.1965); State v. Florida Indus. Comm’n, 151 So.2d 636 (Fla.1963); Gilliland v. Wood ‘N You, 626 So.2d 309 (Fla. 1st DCA 1993); Smith v. Rose Auto Stores, 596 So.2d 809 (Fla. 1st DCA 1992); Cordell v. Pittman Bldg. Supply, 470 So.2d 865 (Fla. 1st DCA 1985); D'Amico v. Marina Inn & Yacht Harbor, Inc., 444 So.2d 1038 (Fla. 1st DCA 1984); Morgan Yacht Corp./Beatrice Foods v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980); East v. Pensacola Tractor & Equip. Co., Inc., 384 So.2d 156 (Fla. 1st DCA 1980). Accordingly, the order on appeal is REVERSED and REMANDED for further proceedings.
ERVIN, KAHN and POLSTON, JJ., concur.