HAWKES, J.
John Brewer (claimant), appeals a workers’ compensation order in which the Judge of Compensation Claims dismissed his petitions for benefits on the ground that a release executed between Brewer and Laborfinders of Tampa, the employer, satisfied all of his workers’ compensation claims. We affirm.
In a claim unrelated to his workers’ compensation case, Brewer executed a document that released Laborfinders “from any and all claims and demands, past, present or future, known or unknown,” which claimant ever had or now has, “from the beginning of the world to the date of the date of these presents, ..., including but not limited to, ... any and all claims ... growing out of, resulting from, or connected in any way to Employee’s employment with [Laborfinders].” This all inclusive language generally bars all claims which matured prior to execution of the release, even those claims unrelated to the litigation that resulted in the release. See Plumpton v. Cont’l Acreage Dev. Co., 830 So.2d 208, 210 (Fla. 5th DCA 2002) (citing Mulhem v. Rogers, 636 F.Supp. 323 (S.D.Fla.1986)). This language is also broad enough to cover petitions for workers’ compensation benefits. Pateo Transport, Inc. v. Estupinan, 917 So.2d 922, 923 (Fla. 1st DCA 2005). Because the release language was unambiguous, the JCC properly excluded parol evidence.
The record indicates that at the time Brewer executed this release, he was represented by workers’ compensation counsel, but failed to inform counsel of the release before it was executed. However, the fact that Brewer did not inform his counsel, and counsel did not advise him in regard to the release is irrelevant. Pursuant to Pateo, the JCC need inquire no further than to determine whether a claimant was represented by counsel when he entered the settlement agreement, not whether he chose to take advantage of counsel’s representation. See id. at 924.
The JCC’s order is AFFIRMED.
WEBSTER, J., concurs.
ERVIN, J., concurs and dissents with opinion.