982 So.2d 734 (2008)
Oscar VALLECILLO, Appellant,
v.
BACHILLER IRONWORKS, Appellee.
No. 1D06-5889.
District Court of Appeal of Florida, First District.
April 23, 2008.
*735 Albert Marroquin of Richard E. Zaldivar, P.A., Miami, and Jay M. Levy of Jay M. Levy, P.A., Miami, for Appellant.
Samuel B. Reiner, II, of Reiner & Reiner, P.A., Miami, for Appellee.
PER CURIAM.
The claimant seeks review of a summary final order dismissing his workers' compensation claim. We agree that the judge of compensation claims erred in enforcing the settlement agreement because it did not comply with section 440.20(11), Florida Statutes (2003). Although the judge of compensation claims concluded that he did not have jurisdiction to rescind the agreement under section 440.20(11)(c), that section did not apply here because it is undisputed that the claimant was not represented by counsel when he signed the release. The judge of compensation claims had jurisdiction to determine whether the parties entered into a valid, binding settlement agreement. Jacobsen v. Ross Stores, 882 So.2d 431, 433 (Fla. 1st DCA 2004). Absent compliance with section 440.20(11), any agreement by the claimant to waive his right to workers' compensation benefits was invalid. See §§ 440.20(11)(c) & 440.21(2), Fla. Stat. (2003). Accordingly, we reverse the summary final order dismissing the claimant's workers' compensation claim and remand for further proceedings on the unresolved issue of whether appellee was the claimant's employer. As to the remaining claim on appeal regarding the taking of depositions, we affirm without discussion.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
WEBSTER, DAVIS, and HAWKES, JJ., concur.