PER CURIAM.
In this workers’ compensation appeal, the Employer/Carrier (E/C) argues the Judge of Compensation Claims (JCC) erred in finding Claimant had not settled his workers’ compensation claim when he entered into a separation agreement with the Employer while represented by counsel. We agree the JCC erred and reverse.
The relevant background information includes Claimant’s testimony that he had been represented by counsel starting about two to three months after the February 2006 surgery which was necessitated by the compensable accident/injury. The JCC found that Claimant had two periods of employment with the Employer. Claimant sustained his September 2, 2005, accident during his first period of employment. At the conclusion of Claimant’s second period of employment, and on June 2, 2008, he signed an “Exit Interview & Separation of Employment Agreement” (Agreement). After signing this Agreement, Claimant filed a petition for benefits on December 24, 2010. It is the effect of the Agreement that is the focus of this appeal. Because resolution of this appeal involves interpretation of the Agreement, a question of law, our review is de novo. See Dixon v. City of Jacksonville, 774 So.2d 768, 765 (Fla. 1st DCA 2000) (restating that construction of written instruments is reviewed de novo).
The E/C argued that Claimant was represented by counsel at the time he entered into the Agreement and, therefore, Claimant settled his workers’ compensation claim as section 440.20(ll)(c), Florida Statutes (2005), allows a represented claimant to enter into a settlement agreement without approval of the JCC. The JCC acknowledged that Claimant was represented when he entered into this Agreement; nonetheless, he still awarded the benefits *871 because he found the Agreement applied only to the second period of employment.
Claimant argued that the E/C failed to establish the scope of the release. The Agreement only released claims “from the beginning of [Claimant’s] employment to the date of this agreement.” Claimant was terminated, however, after his workers’ compensation accident and later rehired as a territory manager in 2006. Thus, Claimant argued, the E/C had the burden of proving that Claimant’s employment, as referenced in the Agreement, did not begin in 2006 when he was hired as a territory manager, but rather prior to his 2005 workers’ compensation claim.
In relevant part, the Agreement provides that Claimant released the Employer
from all causes of action, suits, debts, claims and demands whatsoever in law or in equity, which you ever had, now has, or hereafter may have whether known or unknown, or which you or your heirs, executors, or administrators may have, by reason of any matter, cause or thing whatsoever, from the beginning of your employment to the date of this agreement, and particularly, but without limitation of the foregoing general terms, any claims arising from or relating in any way to your employment relationship with Company, the terms and conditions of that employment relationship, and the termination of that employment relationship,.... This agreement is effective without regard to the legal nature of the claims raised and without regard to whether any such claims are based in tort, equity, implied or express contract or discrimination of any sort.
(emphasis added). In exchange, Claimant received severance pay and continuation of his health insurance for the remainder of the month. Even though it is undisputed that Claimant had two periods of employment, he had but one “employment relationship” with the Employer. By its plain language, the release applied to Claimant’s relationship with the Employer.
Pursuant to section 440.20(1l)(c), a represented “claimant may waive all rights to any and all benefits under this chapter by entering into a settlement agreement releasing the [E/C] from liability for workers’ compensation benefits in exchange for a lump-sum payment to the claimant.” A similar situation to the one presented here was previously addressed in Patco Transport, Inc. v. Estupinan, 917 So.2d 922 (Fla. 1st DCA 2005). Mr. Estupinan, who was represented by counsel, settled a civil suit filed against his employer and others in which he alleged that another driver of a Pateo truck was negligent in rear-ending him. Id. Mr. Estupinan executed a “General Release With Indemnification” in conjunction with the settlement. Id. Subsequently, he filed a petition for benefits. Id. In reversing the JCC’s finding that Mr. Estupinan was releasing Pateo only in its capacity as owner of the vehicle, this court explained:
The language used in the general release “is the best evidence of the parties’ intent. When that language is clear and unambiguous, the courts cannot indulge in construction or interpretation of its plain meaning.” Hurt v. Leatherby Ins. Co., 380 So.2d 482, 433 (Fla.1980). The general release is broad enough to cover petitions for workers’ compensation benefits when it refers to “full settlement and discharge of all claims which are, or might have been, the subject matter of the Complaint....”
Id. at 923. The court concluded:
The parties were entitled to settle the workers’ compensation claims, and execution of the general release “in exchange for a lump-sum payment” accomplished that result. See § 440.20(ll)(c), *872 Fla. Stat. (2001) (“[W]hen a claimant is represented by counsel, the claimant may waive all rights to any and all benefits under this chapter by entering into a settlement agreement releasing the employer and the carrier from liability for workers’ compensation benefits in exchange for a lump-sum payment to the claimant”). “There are no words of art required in a release if the intent of the parties is apparent from the language used.” Hardage Enters., Inc. v. Fidesys Corp., N.V., 570 So.2d 436, 437 (Fla. 5th DCA 1990).
Id. at 925. Likewise, here, because Claimant was represented by counsel, and the plain language of the release indicates it applied to Claimant’s employment relationship -with the Employer, it was not necessary for the agreement to be submitted to the JCC for it to be a settlement of Claimant’s workers’ compensation claim.
Accordingly, the JCC erred in finding Claimant had not settled his workers’ compensation claim when he entered into the separation agreement. This matter is REVERSED and REMANDED for entry of an order denying Claimant’s entitlement to any further workers’ compensation benefits.
ROBERTS and CLARK, JJ., concur.
SWANSON, J., dissents with opinion.