PER CURIAM.
In this workers’ compensation appeal, Claimant challenges the Judge of Compensation Claims’ (JCC’s) conclusion that the terms of a mediation agreement, whereby the parties agreed to settle Claimant’s entitlement to workers’ compensation benefits in their entirety, were binding and enforceable, and require Claimant to execute settlement documents. Because Claimant was unrepresented at the time of the mediation, we agree with Claimant’s arguments and reverse the appealed order.

Background

At all times relevant to the issues raised in this appeal, Claimant was not represented by counsel. Claimant alleged he sustained two workplace injuries while employed by the Employer. The first, alleged to have occurred on January 30, 2007, was denied in its entirety by the Employer/Carrier (E/C). The second, occurring on February 12, 2010, was accepted as compensable and the E/C provided Claimant both medical treatment and indemnity benefits.
Because Claimant had filed petitions for benefits, the parties were ordered to attend a state mediation. The mediation took place on May 28, 2012. By the time the mediation concluded, the parties had agreed to settle both dates of accident for a total of $100,000. Both parties signed the mediation settlement agreement.
Subsequently, when Claimant refused to sign the joint petition for settlement, the E/C filed a “Motion to Enforce Settlement.” Claimant testified at the evidentia-ry hearing on the motion that he wished to withdraw from the settlement agreement. Following the hearing on the E/C’s motion, the JCC entered the appealed order enforcing the settlement agreement.

Analysis

Because resolution of this issue involves the JCC’s application of undisputed facts to the law, our review is de novo. See Gilbreth v. Genesis Eldercare, 821 So.2d 1226, 1228 (Fla. 1st DCA 2002). Our analysis begins with a review of the relevant statutory provisions relating to the settlement of future workers’ compensation benefits whereby differing re *693 quirements for settlement approval were established for represented claimants as opposed to unrepresented claimants. The statutory amendment relevant to this appeal took place in 2001, and that amended language remains, in relevant part, unchanged through the present. See Ch. 01-91, § 17, at 777, Laws of Fla. Section 440.20(11), Florida Statutes, was amended to distinguish the process for approval of settlements reached with unrepresented claimants from the agreements reached with represented claimants. Section 440.20(ll)(a) now permits unrepresented claimants to settle their rights to future benefits “at any time in any case in which the employer or carrier has filed a written notice of denial within 120 days after the employer receives notice of the injury.” The JCC is required to consider the settlement at a hearing and, thereafter, “may enter a compensation order approving and authorizing the discharge of the liability of the employer for compensation and remedial treatment ... by the payment of a lump sum.” § 440.20(ll)(a), Fla. Stat. Likewise, section 440.20(ll)(b)’s application is also limited to unrepresented claimants, and allows settlement of compensable claims, utilizing the same procedure, after the claimant reaches maximum medical improvement. Section 440.20(ll)(e) was added in 2001 and applies only to represented claimants. For represented claimants, “[t]he settlement agreement requires approval by the [JCC] only as to the attorney’s fees paid to the claimant’s attorney by the claimant.” § 440.20(ll)(c), Fla. Stat.
This court’s precedent prior to 2001 established that a workers’ compensation settlement was not binding or enforceable until approved by a JCC, and either party could legally withdraw from a settlement prior to such approval. See Smith v. Rose Auto Stores, 596 So.2d 809, 810 (Fla. 1st DCA 1992) (“The law is well settled that a settlement agreement is not final and enforceable until it is approved by the [JCC]”); Bingham v. Fla. Chip Steak Co., 496 So.2d 950 (Fla. 1st DCA 1986) (stating “lump-sum settlement agreement between the E/C and the claimant is not final and enforceable until or unless it has been approved by the deputy commissioner,” under circumstances where injured employee died after reaching oral agreement to settle case, but before settlement was reduced to writing or submitted to deputy commissioner (now JCC) for approval); Rogers v. Concrete Sciences, Inc., 894 So.2d 212, 213 (Fla. 1st DCA 1981) (“Either party may legally withdraw from a settlement agreement prior to the Deputy Commissioner’s approval.”).
Notably, when the 2001 Legislature eliminated the requirement that a JCC approve the substantive aspects of a settlement involving a represented claimant, and retained the requirement that settlements with unrepresented claimants be approved by the JCC, this court continued to rule that, in the instance of an unrepresented claimant, “[ajbsent compliance with 440.20(11), any agreement by the claimant to waive his right to workers’ compensation benefits [is] invalid.” See Vallecillo v. Bachiller Ironworks, 982 So.2d 734, 735 (Fla. 1st DCA 2008).
In contrast, in the instance of represented claimants, this court, in response to the legislative change removing the requirement that the JCC approve the substantive aspect of settlements with represented claimants, held that a valid and enforceable agreement can be reached before, and without the necessity of, JCC approval, notwithstanding the fact that section 440.20(ll)(c) and (d) still require a JCC to approve attorney’s fees. See, e.g. Risco USA Corp. v. Alexander, 91 So.3d 870, 872 (Fla. 1st DCA 2012) (holding represented claimant’s general release in separation *694 agreement applied to employment relationship with employer and it was unnecessary for agreement to be submitted to JCC to be binding on entitlement to further workers’ compensation benefits); Brewer v. Laborfinders of Tampa, 944 So.2d 1102, 1103 (Fla. 1st DCA 2006) (holding represented employee’s general release of employer in unrelated claim sufficient to affect settlement of workers’ compensation claim, notwithstanding fact that employee’s workers’ compensation counsel was not informed of settlement); Patco Transp., Inc. v. Estupinan, 917 So.2d 922, 925 (Fla. 1st DCA 2005) (holding represented employee’s execution of general release in civil suit against employer was sufficient to settle workers’ compensation claim, notwithstanding, as pointed out in dissent, there was “no indication that the parties complied with” section 440.20(ll)(c)).
Accordingly, with respect to unrepresented claimants, the case law of this court has concluded that unapproved agreements are, as a matter of law, contingent upon JCC approval for the formation of a binding agreement, and thus, not a legal agreement or contract, until the occurrence of the condition precedent — approval by the JCC. This court’s interpretation is long-standing, binding, and consistent with the general proscriptive treatment of settlements contained in section 440.21(2), Florida Statutes (“[a]n agreement by an employee to waive her or his right to compensation under this chapter is invalid.”), for which exceptions are created in section 440.20(1l)(a)-(e), Florida Statutes. Here, the JCC erred in not applying the appropi'iate standard for unrepresented claimants.
The. E/C’s suggestion that somehow the mediation process altered or supplanted the statutory requirement that the JCC approve the settlement agreement before it is enforceable simply has no basis and appears crafted from whole cloth. As we made clear most recently in 2008, “[a]b-sent compliance with section 440.20(11), any agreement by the [unrepresented] claimant to waive his right to workers’ compensation benefits [is] invalid. See §§ 440.20(ll)(c) & 440.21(2), Fla. Stat. (2003).” Vallecillo, 982 So.2d at 735.
Accordingly, the appealed order is REVERSED, and the matter REMANDED for further proceedings.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.