IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ERLIYING SOTO,

     Appellant,

v.

C-WORTHY CORP./SUMMIT
HOLDINGS-CLAIMS CENTER,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1968

_____/

Opinion filed December 1, 2016.

An appeal from an order of the Judge of Compensation Claims.
Daniel A. Lewis, Judge.

Date of Accident: September 1, 2015.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach.

PER CURIAM.

In this workers' compensation appeal, Claimant seeks reversal of the Judge of

Compensation Claims' (JCC's) denial of his motion to enforce a mediation

settlement agreement. For the following reasons, we agree the JCC erred in denying

Claimant's motion.

The parties participated in a mediation conference which resulted in a mediation conference report and a written mediation settlement agreement. The written settlement agreement required Claimant to "execute a general release and resignation in favor of the employer." When the settlement paperwork prepared by the Employer/Carrier (E/C) was received by Claimant's attorney, it included references to several circumstances whereby Claimant and his attorney would "indemnify and hold harmless" the E/C. Claimant and his attorney struck those provisions, and returned the signed paperwork to the E/C.

When the E/C advised Claimant they were backing out of the settlement, Claimant's attorney forwarded a copy of the paperwork on to the JCC with a motion seeking approval of the attorney's fee and allocation of child support arrearage. After the E/C filed a motion objecting to the approval of Claimant's motion, Claimant filed a motion to enforce the settlement and the JCC held an evidentiary hearing on the motion.

In his order denying Claimant's motion, the JCC determined that the parties did not reach a meeting of the minds regarding the indemnification language. Accordingly, he found that an essential element of the agreement was not established, and on that ground determined the agreement was not enforceable.

On appeal, Claimant argues that because a "release" differs from "indemnification," indemnification was not an essential term of the agreement and,

2

thus, the JCC erred in finding the parties failed to agree on an essential term. Because it is not disputed that the mediation settlement agreement was unambiguous, Claimant argues that the JCC should have reviewed only the terms of the agreement when determining whether there was a meeting of the minds.

"[I]t is within the province of the JCC to determine whether a settlement was reached, and if so, to establish its terms." Chubb Group Ins. Co. v. Easthagen, 889 So. 2d 112 (Fla. 1st DCA 2004). Settlement agreements "are governed by the rules for interpretation of contracts[,] are highly favored and will be enforced whenever possible." Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985) (citation omitted). "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs – not on the parties having meant the same thing but on their having said the same thing." Id. (quoting Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So. 2d 404, 407 (Fla. 1974). "Where the terms of a contract are clear and unambiguous, the parties' intent must be gleaned from the four corners of the document." Crawford v. Barker, 64 So. 3d 1246, 1255 (Fla. 2011). Because resolution of this issue requires interpretation of a written document, review is de novo. See Risco USA Corp. v. Alexander, 91 So. 3d 870 (Fla. 1st DCA 2012).

The JCC assumed that a general release would include an indemnification agreement and it is this assumption that led to his error. Black's Law Dictionary

3

defines "release" as "[l]iberation from an obligation, duty, or demand; the act of giving up a right or claim to the person against whom it could have been enforced." 1292 (7th ed. 1999). To "indemnify" requires one "[t]o reimburse (another) for a loss suffered because of a third party's act or default." 772 (7th ed. 1999). Thus, an agreement to sign a release does not result in an agreement to indemnify the other party.

The facts here are analogous to the facts in Bonagura v. Home Depot, 991 So. 2d 902 (Fla. 1st DCA 2008). In Bonagura, it was undisputed that the parties reached a "binding oral settlement agreement." Id. at 904. The paperwork prepared subsequently included material matters – a general release – that had not been discussed. Id. at 905. The Bonagura Court determined that "[b]ecause no release was negotiated and settled, this release is not a part of the parties' settlement or 'necessary paperwork' to be executed." Id. Here, the parties executed an unambiguous written agreement to settle this matter and no mention was made regarding indemnification. Because indemnification had not been negotiated, its inclusion in the "necessary paperwork" exceeded the scope of the written agreement, such that it was in effect a new offer which Claimant declined to accept. See id. Claimant's rejection of this new offer did not, however, nullify the previous agreement under the terms as set out in the valid, binding settlement agreement. See id.

4

Accordingly, the order is REVERSED, and the matter REMANDED for entry of an order granting Claimant's motion to enforce the settlement agreement.

WOLF, RAY, and MAKAR, JJ., CONCUR.