[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12872
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cv-00033-MCR-EMT


KATHLEEN BETTS,

Plaintiff-Appellant,

versus

WENDELL HALL,
Santa Rosa County Sheriff,
PATRICK VEGA,
Lieutenant,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 9, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Kathleen Betts, proceeding pro se, appeals the sua sponte dismissal of her

civil rights complaint alleging violations of her rights under 42 U.S.C. §§ 1983,

1985, and 1986, and Florida state law.  During the course of the proceedings in the district court, Betts filed a total of five amended complaints, ultimately naming the following defendants: Sheriff Wendell Hall and Lieutenant Patrick Vega of the Santa Rosa County Sheriff's Office ("SRCSO"); a Florida State Attorney; Dr. Epstein, a physician for the Santa Rosa County Jail; and seven individual officers with the SRCSO.  The district court dismissed with prejudice several of Betts's claims arising from five pre-January 2010 incidents for failure to file within Florida's four-year statute of limitations.  The district court also dismissed with prejudice Betts's claims against Dr. Epstein arising from treatment she received during her stay in the Santa Rosa County Jail for failure to state a claim for relief.  And, finally, the district court dismissed Betts's remaining state law claims without prejudice to her filing them in state court.  On appeal, Betts argues that the district court: (1) erred in dismissing several of her federal claims as untimely, because it should have applied the equitable tolling and continuing violation doctrines; (2) erred in dismissing her claims against Dr. Epstein for failure to state a claim for relief; and (3) abused its discretion in declining to retain supplemental jurisdiction over her state law claims.  After thorough review, we affirm.

We review the application of a statute of limitations de novo.  Berman v. Blount Parrish & Co., 525 F.3d 1057, 1058 (11th Cir. 2008).  We review de novo the dismissal of a complaint for failure to state a claim for relief, accepting all

factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiff.  Starship Enters. of Atlanta, Inc. v. Coweta Cnty., 708 F.3d 1243, 1252 (11th Cir. 2013).  Courts are not required, however, to accept bare legal conclusions supported by mere conclusory statements.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a complaint must do more than simply offer labels or a formulaic recitation of the elements of a cause of action.  Id. at 678.  Absent further factual enhancement, naked assertions that the defendant acted unlawfully will not state a claim for relief.  Id.  A court evaluating the sufficiency of a complaint should therefore (1) eliminate all allegations that are merely legal conclusions, and (2) assume the veracity of the well-pleaded factual allegations and determine whether they "plausibly suggest an entitlement to relief." Id. at 680-681.  We review a district court's decision to decline supplemental jurisdiction for abuse of discretion.  Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 738 (11th Cir. 2006).   Although we liberally construe pro se pleadings, we need not "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

First, we are unpersuaded by Betts's argument that the district court erred in dismissing several of her claims as untimely.  Claims under 42 U.S.C. § 1983 "are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."  City of Hialeah v. Rojas, 311 F.3d 1096, 1103 n.2 (11th

3

Cir. 2002); see Fla. Stat. § 95.11(3)(p) (2016).   A plaintiff must therefore "bring a section 1983 claim arising in Florida within four years of the alleged unlawful [conduct]." Id. at 1103.  Under federal law, which governs the date of accrual, the statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (quotations omitted).  The cause of action accrues even though the full extent of the injury may not then be known or predictable. Wallace v. Kato, 549 U.S. 384, 391 (2007).

Despite Florida's four-year statute of limitations, the continuing violation doctrine allows a plaintiff to bring an otherwise time-barred claim when additional violations of law occur within the statutory period. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001).  "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time [sic] violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (quotation and alteration omitted). The doctrine of equitable tolling also extends the statute of limitations if "extraordinary circumstances" prevent the plaintiff from filing within the statutory window. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006).  Equitable tolling

is sparingly applied and is only appropriate if the "extraordinary circumstances" are beyond the plaintiff's control and unavoidable even with diligence. Id. The plaintiff bears the burden of showing that such circumstances exist. Id.

In this case, the district court properly dismissed Betts's pre-January 2010 claims for failure to file within Florida's four-year statute of limitations. Betts filed her initial complaint in January 2014, and the complaint included claims based on the following incidents: (1) a May 2006 encounter with SRCSO Deputy Jason Bondovitz; (2) an arrest by Deputy Reeves in May 2006; (3) a home entry by SRCSO officers, including Lieutenant Vega, in February 2008; (4) a 2008 arrest by Deputy Bondovitz for violation of a domestic violence injunction ("DVI"); and (5) a deprivation of Betts's firearm that occurred in May 2009 (collectively the "pre-January 2010 claims"). As the record indicates, all of these incidents involve discrete events that occurred prior to January 2010. Moreover, the facts supporting a cause of action based on these events would have been apparent to a person of reasonable diligence at the time they occurred. See Mullinax, 817 F.2d at 716.

As for her claim that the district should have applied the equitable tolling and continuing violation doctrines, we disagree. As we've noted, the pre-January 2010 claims stemmed from discrete, one-time violations, and the fact that Betts may continue to feel their effects does not extend the statute of limitations. See Lovett, 327 F.3d at 1183. And while Betts appears to claim that a practical

disability and the "conspiracy to keep her jailed" prevented her from investigating the defendants' alleged wrongdoing, she has failed to allege any particular facts showing that "extraordinary circumstances" prevented her, in the exercise of diligence, from filing her complaint within the four-year window. Accordingly, the district court did not err in dismissing Betts's untimely claims.

We also find no merit to Betts's argument that the district court erred in dismissing her claims against Dr. Epstein. Under 28 U.S.C. § 1915(e)(2)(B), the district court is required to dismiss a case filed IFP if it determines that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," which is proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quotation omitted). Not every claim that a plaintiff received inadequate medical treatment, however, rises to the level of an Eighth Amendment violation. McElligott v. Foley, 182 F.3d 1246, 1254 (11th Cir. 1999). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment, and "[m]edical malpractice does not become a constitutional violation merely because the victim" is incarcerated. Id. Instead, to show deliberate indifference to a serious medical need, a pretrial detainee must demonstrate (1) subjective

6

knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than mere negligence. Id. at 1255.

Here, the district court properly dismissed Betts's claims against Dr. Epstein because Betts failed to sufficiently allege that Dr. Epstein acted with deliberate indifference to her medical needs. Although she alleged that she was on a platelet monitor and that Dr. Epstein gave her a platelet-destroying medication, she did not show that he subjectively knew of a risk of serious harm and deliberately provided her with inadequate treatment, or that his conduct rose above the level of mere negligence or medical malpractice. See McElligott, 182 F.3d at 1254-55. Importantly, Betts admitted that Dr. Epstein provided her with treatment, even going so far as to indicate that he prescribed her medication for seizures. Although Betts disagrees with the course of this treatment, and although she may have sufficiently alleged that Dr. Epstein was negligent, she has failed to state a claim for deliberate indifference. As for her claim that Dr. Epstein violated her right to equal protection, Betts failed to provide any factual allegations whatsoever to support this violation. The district court therefore properly dismissed these claims.

Finally, we reject Betts's claim that the district court abused its discretion in declining to retain supplemental jurisdiction over her state law claims. Federal district courts have supplemental jurisdiction over state claims that are part of the same "case or controversy" as a claim arising under federal law. 28 U.S.C. §

7

1367(a).    A district court may decline to exercise supplemental jurisdiction, however, if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C.A. § 1367(c).

The decision to exercise or decline supplemental jurisdiction includes considerations of judicial economy, convenience, fairness to litigants, and comity. Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997); Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1569 (11th Cir. 1994) (holding that the considerations articulated in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), survived the codification of 28 U.S.C. § 1367). Further, "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett, 117 F.3d at 1353.  Thus, where a court has dismissed all federal claims in a given case, it is often justified in dismissing the state claims as well.  Id.  In fact, "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal" of supplemental state law claims.  Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (quotation omitted).

Here, the district court did not abuse its discretion in dismissing Betts's claims under Florida law without prejudice.  Because Betts's federal claims were dismissed prior to trial, Gibbs "strongly encourage[d] or even require[d]" the court to dismiss her state claims.  See id. (quotation omitted).  Further, the court found that considerations of judicial economy and comity weighed against retaining

8

supplemental jurisdiction.  See Palmer, 22 F.3d at 1569.  It also noted that Florida courts are "best equipped to research and rule on matters of state law."  Although Betts argues that she cannot obtain meaningful relief in state court, she has not demonstrated that the court abused its discretion, particularly when weighed against the additional Gibbs factors the court expressly considered in reaching its decision.  Accordingly, we affirm the district court's dismissal of Betts's claims under Florida law.[1]

**AFFIRMED.**

---

[1] We note that Betts has failed to adequately address the district court's dismissal of several of her claims, including, for example, the district court's dismissal of her conspiracy claims under 42 U.S.C. §§ 1985 and 1986.  Betts has also included new allegations and arguments for the first time in her brief, including, for example, allegations of interactions with the Santa Rosa County Sheriff's Office that occurred after the filing of the complaint.  We decline to address these issues.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (holding that issues not adequately briefed on appeal by a pro se litigant are deemed abandoned); Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir.1994) (holding that issues raised for the first time on appeal will not be considered); Varnado v. Lynaugh, 920 F.2d 320, 321 (11th Cir. 1991) (holding that new factual allegations not contained within a party's pleadings will likewise not be considered).